# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Berkeley County School Board of Trustees, ) | Civil Action No.: 2:18-cv-00151-DCN |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANT SCOTT POKORNEY'S** |
| ) | **RESPONSE IN SUPPORT OF HUB** |
| Hub International Limited, Hub International ) | **DEFENDANTS' MOTION TO** |
| Midwest Limited, Hub International Southeast, ) | **ENFORCE ARBITRATION** |
| Knauff Insurance Agency, Inc., Stanley J. ) | **AGREEMENTS** |
| Pokorney, Scott Pokorney, and Brantley ) | |
| Thomas, ) | |
| ) | |
| Defendants ) | |
| ) | |

Defendant Scott Pokorney, by and through his undersigned counsel, hereby files this Response in Support of Defendants Hub International Limited and Hub International Midwest Limited's (collectively referred to hereinafter as "Hub Defendants") Motion to Enforce Arbitration Agreements (ECF Doc. No. 23) and incorporates the arguments made therein. As set forth in the Hub Defendants' Motion, there is an enforceable arbitration provision applicable to all of Plaintiff's claims, and the entirety of Plaintiff's claims must be arbitrated together, including the claims asserted against Scott Pokorney.

## INTRODUCTION

Plaintiff, Berkeley County School Board of Trustees, alleges Defendants were engaged in a scheme whereby Brantley Thomas, the former Chief Financial Officer of the Berkeley County School District, together with the Hub Defendants, Knauff Insurance Agency, Inc. ("Knauff"), Stanley J. Pokorney and Scott Pokorney, defrauded the Berkeley County School District into purchasing allegedly unnecessary insurance. Plaintiffs contend that Thomas procured unnecessary insurance from Knauff and the Hub Defendants through their brokers and/or agents,

Stanley Pokorney and Scott Pokorney. In exchange, Plaintiff alleges Brantley received kickbacks.

Although the Complaint fails to mention them, Plaintiff entered into various Brokerage Services Agreements with Knauff which contain arbitration provisions. As Knauff's successor-in-interest, the Hub Defendants are entitled to invoke the arbitration provisions and compel arbitration of Plaintiff's claims even though they are not signatories to the agreements. Similarly, despite also being a nonsignatory, Scott Pokorney may also enforce the arbitration agreements because he is an agent of the Hub Defendants and the allegations against him relate to services he provided pursuant to the Brokerage Service Agreements. Thus, for the reasons set forth in the Hub Defendants' Motion, as well as the additional arguments set forth herein, Scott Pokorney requests that this Court compel arbitration of all Plaintiff's claims and stay proceedings in this matter during the pendency of arbitration.

## ARGUMENT

Though the Complaint contains scant allegations against Scott Pokorney, the claims against him appear to be based upon his alleged conduct as an employee, executive and/or agent of the Hub Defendants. *See* Compl. at ¶¶ 9, 94, and 96. As a result, even though Scott Pokorney is not a signatory to the Brokerage Service Agreements containing the relevant arbitration provisions, he may also enforce the arbitration agreements because the allegations in the Complaint relate directly to services provided pursuant to those agreements.

### THE COURT SHOULD ENFORCE THE ARBITRATION PROVISIONS AS TO SCOTT POKORNEY, A NONSIGNATORY TO THE AGREEMENTS.

Courts have consistently held that nonsignatories to an arbitration agreement may be bound by and enforce agreements to arbitrate. *See Letizia v. Prudential Bache Sec., Inc.,* 802 F.2d 1185, 1187 (9th Cir. 1986); *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen*

2

*GMBH*, 206 F.3d 411, 416-17 (4th Cir. 2000).  This rule is an outgrowth of the clear federal policy favoring arbitration.  *See Letizia,* 802 F.2d at 1187; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S. Ct. 1238, 1242, 84 L. Ed. 2d 158 (1985) (the Federal Arbitration Act requires courts to "rigorously enforce agreements to arbitrate").   It is especially applicable when, as here, a nonsignatory seeks to compel a signatory to arbitrate.  *See Letizia,* 802 F.2d at 1187.  Courts recognize at least two circumstances where a nonsignatory to an agreement can compel arbitration.  *See PRM Energy Sys., Inc. v. Primenergy, L.L.C.*, 592 F.3d 830, 834 (8th Cir. 2010) (citing *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 798 (8th Cir. 2005)).  "The first relies on agency and related principles to allow a nonsignatory to compel arbitration when, as a result of the nonsignatory's close relationship with a signatory, a failure to do so would eviscerate the arbitration agreement."  *Id.*; *see also Nesslage v. York Secs., Inc.,* 823 F.2d 231, 233 (8th Cir.1987) (permitting a nonsignatory to compel arbitration where it was the "disclosed agent" of a signatory).  The second theory, often termed "alternative estoppel," "relies, at least in part, on the claims being so intertwined with the agreement containing the arbitration clause that it would be unfair to allow the signatory to rely on the agreement in formulating its claims but to disavow availability of the arbitration clause of that same agreement."  *Id*. (citing *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 757 (11th Cir. 1993)).  Both circumstances are present in this case.

      **A.    As an agent of the Hub Defendants, Scott Pokorney is entitled to compel arbitration.**

Although Scott Pokorney was never employed by Knauff, and again, while Plaintiff's claims against Scott Pokorney are vague and poorly pled, they appear to arise out of alleged conduct while he was acting as an employee or agent of the Hub Defendants.  The law is clear that a "successor-in-interest may enforce an arbitration agreement."  *Cheraghi v. MedImmune,*

3

*LLC*, No. 8:11-CV-01505(AW), 2001 WL 6047059, at *5 (D. Md. Dec. 5, 2011); s*ee also* Hub Mem., ECF Doc. No. 23 at pp. 8-10.  Consequently, Scott Pokorney is also entitled to arbitrate the claims brought against him because he was an employee and agent of Hub International Midwest Limited, the successor to Knauff, the entity which entered into the agreements containing arbitration provisions.  As such, the relationship between Scott Pokorney and the Hub Defendants is sufficiently close to satisfy the agency test adopted by courts.  *See Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 7 F.3d 1110, 1121 (3d Cir. 1993) (stating under traditional agency theory if "a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements.").

    **B.**    **The claims against Scott Pokorney relate to services provided pursuant to the Brokerage Service Agreements, and thus, he is entitled to compel arbitration.**

This case also satisfies the estoppel test adopted by a majority of courts, including this District and the Fourth Circuit.  *See Hinson v. Jusco Co.*, 868 F. Supp. 145, 149 (D.S.C. 1994) (citing *J.J. Ryan & Sons v. Rhone Poulenc Textile*, 863 F.2d 315, 319 (4th Cir. 1988)).  In *Hinson*, this Court stated that "[t]he Fourth Circuit has expressed a clear policy in favor of arbitrating claims against non-parties to an arbitration agreement if those claims are based on the same alleged facts underlying claims against a party to the agreement."  *See id*.  Thus, when there is a common dispute between parties, "an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."  *Hinson*, 868 F. Supp. at 149.  As the Seventh Circuit held,

> [w]hether a particular claim is arbitrable depends not upon the characterization of the claim, but upon the relationship of the claim to the subject matter of the arbitration clause. Were the rule otherwise, a party could frustrate any agreement to arbitrate simply by the manner in which it framed its claims.

4

PPAB 4153994v1

*In re Oil Spill by Amoco Cadiz Off Coast of France Mar. 16, 1978*, 659 F.2d 789, 794 (7th Cir. 1981). Plaintiff alleges a 16-year conspiracy, and services during that period were provided pursuant to agreements that contained arbitration provisions. Because Plaintiff's claims against Scott Pokorney clearly arise out of and are related to the Brokerage Service Agreements and the services provided pursuant to those agreements, the claims should be submitted to arbitration. *See PRM Energy Sys., Inc. v. Primenergy, L.L.C*., 592 F.3d 830, 834 (8th Cir. 2010) (finding "the nature of the alleged misconduct and its connection to the contract demonstrates the requisite relationships between persons, wrongs, and issues necessary to compel arbitration."); *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates*, S.A.S., 269 F.3d 187, 199 (3d Cir. 2001) (compelling arbitration after examining "the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract and the fact that the claims were intimately founded in and intertwined with the underlying contract obligations.").

    **C.    Courts have recognized a nonsignatory's ability to invoke arbitration in factually similar cases.**

In factually similar cases, courts have repeatedly held that agents or employees of parties entitled to arbitration may also invoke arbitration. In *Letizia*, the Ninth Circuit held that a broker's employees, nonsignatories to a brokerage agreement containing an arbitration clause, were entitled to enforce the arbitration clause in the plaintiff's action against the broker and its employees for fraud and violations of federal securities law. *See Letizia* 802 F.2d at 1187-88. In *Arnold v. Arnold Corp.-Printed Commc'ns For Bus.,* 920 F.2d 1269, 1282 (6th Cir. 1990), a shareholder filed suit against a corporation and its officers alleging among other claims, RICO violations. The Sixth Circuit, holding that an arbitration clause should be enforced, also extended the scope of the arbitration agreement to the nonsignatory officers who were deemed

5

agents of the corporation.  *See Arnold,* 920 F.2d at 1281-82.  In *Nesslage v. York Securities, Inc.*, the Eighth Circuit held an account representative was entitled to arbitrate a dispute with a client despite not signing the document containing the arbitration provision.  823 F.2d 231, 233 (8th Cir. 1987).  There, the account representative's actual employer was not even a signatory to the agreement.  Rather, the employer was a disclosed agent of the entity which had signed the agreement containing the arbitration provision.

Here, similar to the cases cited above, the alleged wrongs of Scott Pokorney relate to his handling of Plaintiff's insurance needs as an employee and agent of the Hub Defendants.  The arbitration agreements in this matter evidence an intent to provide a single arbitral forum to resolve all disputes, claims or controversies relating to the Brokerage Service Agreements, or the services provided under the agreements.  Plaintiff is bound by those agreements and the arbitration provisions contained therein.  Because a valid arbitration agreement exists, this Court should follow the well-settled principle which affords employees and others involved in a common dispute the ability to compel arbitration pursuant to an agreement entered into by a plaintiff.  Allowing a plaintiff to avoid the practical consequences of an agreement to arbitrate by naming nonsignatory successors, agents or employees, would, in effect, nullify established precedent favoring arbitration.  *See Arnold,* 920 F.2d at 1281.

## CONCLUSION

For the foregoing reasons and for those set forth in the Hub Defendants' Motion to Enforce Arbitration Agreements (ECF Doc. No. 23), Scott Pokorney respectfully asserts that this Court should compel arbitration of all Plaintiff's claims, including those brought against Scott Pokorney, and stay this action during the pendency of arbitration.

                    s/Robert H. Jordan
                    Robert H. Jordan (Fed ID No. 06986)
                    Email: robertjordan@parkerpoe.com
                    Amanda C. Williams (Fed ID No. 10218)
                    Email: amandawilliams@parkerpoe.com
                    PARKER POE ADAMS & BERNSTEIN LLP
                    200 Meeting Street, Suite 301
                    Charleston, SC 29401
                    Phone: 843-727-2650
                    Fax: 843-727-2680

March 12, 2018              ATTORNEYS FOR DEFENDANT SCOTT
Charleston, South Carolina   POKORNEY

7