IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. ___2:17-cr-01150_____ |
| | ) | |
| v. | ) | 18 U.S.C. § 666(a)(1)(A) |
| | ) | 18 U.S.C. § 1957 |
| BRANTLEY DENMARK THOMAS III | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1346 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 982(a)(1) |
| | ) | 18 U.S.C. § 982(a)(3) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | **INFORMATION** |
| | ) | |

THE U.S. ATTORNEY CHARGES:

**BACKGROUND ALLEGATIONS COMMON TO ALL COUNTS**

At all times relevant to this Information:

1. The Berkeley County School District ("BCSD") is a public school district serving Berkeley County, South Carolina. BCSD provides public education through a local school board.

2. The BCSD administration consists of several individuals, led by a superintendent. BCSD employs a Chief Financial Officer ("CFO") whose duties include accounting, accounts payable, budgeting, payroll, procurement, and risk management functions of BCSD.

3. Between 2012 and 2017, BCSD received federal funding from the Department of Education, a federal entity. In particular, in each calendar year between 2012 and 2017, BCSD received benefits in excess of $10,000.00 from federal programs providing federal assistance.

1

4. From at least 2010 until December 2016, BRANTLEY DENMARK THOMAS III (THOMAS) was the CFO of the BCSD.

5. As BCSD CFO, THOMAS was responsible for, among other things, ensuring that payment was made to BCSD vendors. This included reviewing invoices and authorizing payment to the vendors. THOMAS was also responsible for procuring and paying for BSCD insurance policies. From March 2010 until November 2016, BCSD maintained several insurance policies through an insurance broker ("broker").

6. BCSD vendors included Kansas State Bank, Berkeley Electric Cooperative, State AG ASF, and SCAGO. These vendors would provide services to BCSD, and BCSD, through THOMAS, remitted payment to these vendors. At times, vendors also paid various refunds or rebates to BCSC.

7. THOMAS worked with an employee of the insurance broker, who brokered the purchase of insurance policies for BCSD via THOMAS.

## COUNT 1
### Fraud and Embezzlement from a Federally Funded Program

8. From in or around October 2012, and continuing until in or around December 2016, in the District of South Carolina, the defendant, BRANTLEY DENMARK THOMAS III, being an agent of BCSD, did knowingly and intentionally misapply, embezzle, obtain by fraud, and without authority knowingly convert to the use of a person not the rightful owner property worth at least $5,000.00 and under the care, custody and control of BCSD, by fraudulently receiving remitted overpayment checks from BCSD vendors.

9. The fraud was accomplished in the following manner and by the following means:

   a. THOMAS was responsible for insuring payment to vendors, including those mentioned above in paragraph 6, for services they provided BCSD.

2

      b.      In some instances, BCSD overpaid the vendors, using funds belonging to BCSD.

      c.      When those vendors were overpaid, they remitted a check to BCSD for the amount of overpayment, effectively refunding BCSD the overpaid amount. Those overpayment checks were handled by THOMAS.

      d.      Instead of remitting those refunded amounts back to BCSD, as the vendor intended, THOMAS converted some of those payments to his own use.

      e.      In other instances, BCSC received refunds or rebates from vendors. As a part of his scheme, THOMAS converted BCSD refund/rebate checks to Cashier's Checks.

      f.      As a part of the scheme THOMAS created and controlled a personal Bank of America revolving credit account ("credit card account"). Thomas directed proceeds of the scheme into this account.

      g.      THOMAS would draw money from the credit card account by writing convenience checks. THOMAS would then deposit the convenience checks into another personal account he used for living expenses, or use the convenience checks directly for personal expenses, such as paying off car loans. THOMAS made payments on the credit card account by applying Cashier's Checks, which were converted from BCSD refund/rebate checks. THOMAS would then use the stolen money to pay for personal expenses such as a membership at a private club and for foreign travel.

10.      In this manner, THOMAS negotiated at least ten separate checks and converted approximately $450,000.00 to his own use.

All in violation of Title 18, United States Code, Section 666(a)(1)(A).

3

## COUNTS 2 - 10
## Money Laundering

THE U.S. ATTORNEY FURTHER CHARGES:

11. The allegations contained in Count 1 are incorporated by this reference.

12. On or about the dates set forth below, in the District of South Carolina, and elsewhere, the defendant BRANTLEY DENMARK THOMAS III, did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit of monetary instruments, such property having been derived from a specified unlawful activity, that is, Fraud and Embezzlement from a Federally Funded Program, 18 U.S.C. § 666(a)(1)(A).

| Count | Check Date | Monetary Transaction Date | Payer | Total Amount |
|---|---|---|---|---|
| 2 | 12/3/2012 | 12/20/12 | Berkeley Electric Cooperative | $31,542.89 |
| 3 | 2/4/2013 | 2/12/13 | Wells Fargo Bank-State AG QSF Escrow Account | $16,412.92 |
| 4 | 12/6/2013 | 1/7/14 | Berkeley Electric Cooperative | $28,437.89 |
| 5 | 6/13/2014 | 6/13/14 | Regions SCAGO TAN 2013 Sinking Fund | $49,422.25 |
| 6 | 12/5/2014 | 1/9/15 | Berkeley Electric Cooperative | $25,068.37 |
| 7 | 4/28/2015 | 5/1/14 | Regions SCAGO TAN 2014 Sinking Fund Account | $22,994.68 |
| 8 | 11/30/2015 | 12/21/15 | Berkeley Electric Cooperative | $60,430.52 |
| 9 | 4/26/2016 | 5/3/16 | Regions SCAGO TAN 2015 Sinking Fund | $59,104.49 |
| 10 | 12/21/2016 | 12/21/16 | Berkeley Electric Cooperative | $61,824.91 |

2:13-cv-00150-CR | Date Filed 03/19/17 | Entry Number 36-1 Page 4 of 9

All in violation of Title 18 United States Code Section 1957.

4

## COUNTS 11-20
### Honest Services Wire Fraud

THE U.S. ATTORNEY FURTHER CHARGES:

13. The allegations in Paragraph One of this information are incorporated by this reference.

14. Beginning in or about March, 2010, and continuing until in or about November, 2016, in the District of South Carolina and elsewhere, the defendants, BRANTLEY DENMARK THOMAS III and others knowingly and willfully devised and intended to devise, and participated in, a scheme to defraud the BCSD and the citizens of Berkeley County by depriving them of their intangible right to BRANTLEY DENMARK THOMAS III's honest services as the Berkeley County School District Chief Financial Officer.

### THE SCHEME TO DEFRAUD

15. Berkeley County and its citizens had and have an intangible right to the honest services of public officials. As BCSD CFO, THOMAS owed Berkeley County and its citizens a duty to, among other things, refrain from receiving kickbacks in exchange for THOMAS's official actions and influence.

16. THOMAS, as BCSD CFO, was involved in obtaining insurance contracts and selecting who would broker those contracts. Because of his position of trust, THOMAS was involved with awarding insurance policy contracts to an individual who worked with a company that brokered insurance contracts.

17. In his position as BCSD CFO, THOMAS steered BCSD insurance policy purchases through a broker employee and accepted cash kickbacks from that employee. By doing so, THOMAS deprived the citizens of Berkeley County of THOMAS's honest services.

## PURPOSE OF THE SCHEME TO DEFRAUD

18. It was the purpose of the scheme for THOMAS to use his official influence and position as BCSD CFO to enrich himself by steering insurance contracts and business and accepting cash payments, or kickbacks, paid by an insurance broker employee.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

21. It was a part of the scheme to defraud that kickbacks were paid to THOMAS by personal check, which THOMAS deposited into his personal account. The checks would often contain information on a "memo" line and would indicate the money was intended as a personal gift, when in fact the purpose was as a kickback to THOMAS for steering insurance policies and business.

22. It was a part of the scheme to defraud that THOMAS received approximately 16 checks of $2,000.00 each, for a total of $32,000.00 as kickbacks.

## EXECUTION OF THE SCHEME AND ARTIFICE

23. On or about the following dates, in the District of South Carolina and elsewhere, the defendant, BRANTLEY DENMARK THOMAS III, for the purpose of executing and attempting to execute the scheme, did transmit and cause to be transmitted by means of wire and radio communication in interstate commerce, the below writings, signs, signals, pictures, and sounds, among others:

| Count | Check Date | Amount | Payee |
| --- | --- | --- | --- |
| 11 | 2/15/2013 | $2,000 | Brantley Thomas |
| 12 | 5/20/2013 | $2,000 | Brantley Thomas |
| 13 | 10/2/2013 | $2,000 | Brantley Thomas |
| 14 | 3/12/2014 | $2,000 | Brantley Thomas |

| 15 | 12/4/2014 | $2,000 | Brantley Thomas |
| --- | --- | --- | --- |
| 16 | 3/24/2015 | $2,000 | Brantley Thomas |
| 17 | 7/25/2015 | $2,000 | Brantley Thomas III |
| 18 | 10/20/2015 | $2,000 | Brantley Thomas |
| 19 | 5/23/2016 | $2,000 | Brantley Thomas |
| 20 | 11/8/2016 | $2,000 | Brantley Thomas |

All in violation of 18 U.S.C. §§ 1343 and 1346.

7

**FORFEITURE**

A.   FRAUD:

Upon conviction to violate Title 18, United States Code, Sections 666 and 1343 as charged in the Information, the Defendant, **BRANTLEY DENMARK THOMAS III**, shall forfeit to the United States, any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offenses and any property.

B.   MONEY LAUNDERING:

Upon conviction to violate Title 18, United States Code, Section 1957 as charged in in the Information, the Defendant, **BRANTLEY DENMARK THOMAS III**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offenses and any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, as charged in the Information, or any property traceable to the offense.

C.   PROPERTY:

The property subject to forfeiture includes, but is not limited to, the following:

   A.   Cash Proceeds/Money Judgment:

   A sum of money equal to all proceeds the defendant obtained directly or indirectly as a result of the offenses charged in this Information, that is, a minimum of approximately $79,208.04 in United States currency, and all interest and proceeds traceable thereto, and/or a sum of money equal to all property involved in the money laundering offense, and all interest and proceeds traceable thereto as the result of his violation of 18 U.S.C. §1957.

   B.   Bank Account:

   $135,000.00 in funds seized Wells Fargo/High Yields Savings Account # xxx0864
   In the name of: Thomas Brantley and Debra Brantley
   Asset ID: 17-FBI-001292

8

D. <u>SUBSTITUTION OF ASSETS</u>:

If any of the property described above as being subject to forfeiture, is a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;
      (b)    has been transferred or sold to, or deposited with, a third person;
      (c)    has been placed beyond the jurisdiction of the Court;
      (d)    has been substantially diminished in value; or
      (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1) to seek forfeiture of any other property of defendant up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and 982(a)(3), and Title 28, United States Code, Section 2461(c).

                                                        s/Beth Drake_____
                                                        BETH DRAKE (NSW)
                                                        UNITED STATES ATTORNEY

Charleston, SC

December 7, 2017