# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| BERKELEY COUNTY SCHOOL DISTRICT, | )<br>)<br>) No. 2:18-cv-00151-DCN |
| Plaintiff, | )<br>) |
| vs. | ) **ORDER**<br>) |
| HUB INTERNATIONAL LIMITED, HUB INTERNATIONAL MIDWEST LIMITED, HUB INTERNATIONAL SOUTHEAST, KNAUFF INSURANCE AGENCY, INC., STANLEY J. POKORNEY, SCOTT POKORNEY, and BRANTLEY THOMAS, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on defendant HUB International Limited and HUB International Midwest Limited's (collectively, "HUB") motion to stay this action pending appeal, ECF No. 68. For the reasons set forth below, the court grants the motion to stay.

## I. BACKGROUND

The relevant facts of this case can be found in the court's January 29, 2019 order denying HUB's motion to compel arbitration. ECF No. 63. On February 8, 2019, HUB appealed the court's January 29 order to the Fourth Circuit Court of Appeals. On the same day, HUB filed a motion to stay this action pending appeal. ECF No. 68. Defendant Scott Pokorney filed a response in support of the motion on February 11, 2019. ECF No. 75. Plaintiff Berkeley County School District ("the District") responded to HUB's motion on February 18, 2019, ECF No. 86, and HUB replied on February 25, 2019, ECF No. 93. The motion is ripe for review.

1

## II. DISCUSSION

HUB argues that the court should stay this case pending the appeal of the court's order denying HUB's motion to compel arbitration. "As a general rule, the filing of an appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" Levin v. Alms & Assocs., Inc., 634 F.3d 260, 263 (4th Cir. 2011) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). In Levin, the Fourth Circuit considered whether this general rule applies when a party appeals an order denying a motion to compel arbitration under the Federal Arbitration Act ("FAA"). Id. Pursuant to § 16(a)(1)(B) of the FAA, a party may appeal an order denying a motion under 9 U.S.C. § 4 to compel arbitration.

After reviewing the circuit split on this issue, the Fourth Circuit adopted the majority view that "an appeal regarding arbitrability of claims does divest the district court of jurisdiction over those claims, as long as the appeal is not frivolous." Levin, 634 F.3d at 263. The court explained that "[t]he core subject of an arbitrability appeal is the challenged continuation of proceedings before the district court on the underlying claims." Id. at 264. As a result, "because the district court lacks jurisdiction over 'those aspects of the case involved in the appeal,' it must necessarily lack jurisdiction over the continuation of any proceedings relating to the claims at issue." Id. (quoting Griggs, 459 U.S. at 58). Therefore, the Fourth Circuit concluded that "an appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action." Id. at 266.

The court is bound by this Fourth Circuit precedent. The District argues that Levin is inapplicable because the issue in Levin related to the scope of the arbitration

clause, not its formation. While the court's order denying the motion to compel arbitration relies on this distinction, finding that the parties never formed an agreement to arbitration, the FAA does not make such a distinction. It simply permits the appeal of "an order . . . denying a petition under section 4 of this title to order arbitration to proceed," 9 U.S.C. § 16(a)(1)(B), and Levin clearly requires a stay during the pendency of such an appeal.

However, a district court may refuse to stay a case pending the appeal of an order denying a motion to compel arbitration if the appeal is frivolous. Levin, 634 F.3d at 265. Levin does not elaborate on the meaning of "frivolous," but the "common application" of frivolity in the context of appeals is when "[none] of the legal points [are] arguable on their merits." Gibbs v. Plain Green, LLC, 2018 WL 4186399, at *3 (E.D. Va. Aug. 31, 2018) (internal quotations omitted). HUB has raised several issues on appeal, all of which are arguable on their merits. Therefore, HUB's appeal is not frivolous, and the court stays the case pending the Fourth Circuit appeal.

### III. CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to stay.

**AND IT IS SO ORDERED.**

 DAVID C. NORTON
 UNITED STATES DISTRICT JUDGE

**May 23, 2019
Charleston, South Carolina**