# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| BERKELEY COUNTY SCHOOL DISTRICT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HUB INTERNATIONAL LIMITED, HUB ) <br> INTERNATIONAL MIDWEST LIMITED, ) <br> HUB INTERNATIONAL SOUTHEAST, ) <br> KNAUFF INSURANCE AGENCY, INC., ) <br> STANLEY J. POKORNEY, SCOTT ) <br> POKORNEY, and BRANTLEY THOMAS, ) <br> ) <br> Defendants. ) <br> _____) | No. 2:18-cv-00151-DCN <br><br> **ORDER** |

This matter is before the court on defendants HUB International Limited ("HUB"), HUB International Midwest Limited, Stanley J. Pokorney ("Pokorney"), and Scott Pokorney's (collectively, "Insurance Defendants") motion to disqualify plaintiff Berkeley County School District's ("the District") counsel, Joshua Whitley ("Whitley"), ECF No. 146. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

This case arises out of the alleged embezzlement of millions of dollars from the District. The District alleges that its former Chief Financial Officer Brantley Thomas ("Thomas") conspired with Insurance Defendants to defraud the District through a concerted kickback scheme related to the purchasing of unnecessary insurance policies. Relevant to the motion before the court, Thomas was indicted by a State Grand Jury for embezzlement on November 15, 2017 based on his conduct that is also subject of this civil suit. During the course of the State's investigation prior to the indictment, the State

1

filed a petition for an order of disclosure to permit the State to disclose Grand Jury materials to Whitley to aid in the State's investigation. ECF No. 127-2. The petition was granted ("Disclosure Order"). ECF No. 127-1.

The Insurance Defendants did not learn of the Disclosure Order and Whitley's involvement in the State Grand Jury proceedings until recently. Once they did, the Insurance Defendants filed a motion with the judge presiding over the State Grand Jury, South Carolina Circuit Court Judge DeAndrea G. Benjamin, to determine whether Whitley violated the Disclosure Order.[1] The Insurance Defendants' concern was that Whitley may have learned of confidential information during the State Grand Jury investigation and is now using that information in this lawsuit to the material disadvantage of the Insurance Defendants, requiring Whitley's disqualification as counsel. The Insurance Defendants also filed a motion to stay in this case, which the court granted pending the outcome of Judge Benjamin's proceedings.

During the week of June 16, 2020, Judge Benjamin held two in camera, ex parte hearings to take testimony from Whitley and from the Assistant Attorney General involved in the State Grand Jury proceedings and to ask questions that were submitted by all parties. She also reviewed Whitley's time and billing statements related to the investigation. Judge Benjamin did not permit the Insurance Defendants to examine any of the evidence or to be present at the hearings. She concluded that Whitley did not violate the Disclosure Order and held that she did not have the jurisdiction to determine whether Whitley should be disqualified as counsel in this case. ECF No. 151-2 at 3.

---

[1] The Insurance Defendants filed their motion with Judge Benjamin because she has jurisdiction "to hear all matters arising from the proceedings of a state grand jury." S.C. Code Ann. § 14-7-1730(A).

Despite Judge Benjamin's finding, Insurance Defendants filed a motion to disqualify Whitley on July 22, 2020. ECF No. 146. Pursuant to the court's instruction, the District responded on July 30, 2020. ECF No. 151. The court held a hearing on the motion on August 4, 2020. The motion is ripe for review.

## II.   STANDARD

"A motion to disqualify counsel is subject to the Court's supervisory authority to ensure fairness in all judicial proceedings." Valizadeh v. Doe, 235 F. Supp. 3d 761, 763 (D.S.C. 2017). The South Carolina Code of Professional Responsibility establishes the ethical standards governing the practice of law in this court. Local Civil Rule 83.I.08 DSC, RDE Rule IV(B). The decision to disqualify counsel is within the court's discretion. United States v. Urutyan, 564 F.3d 679, 686 (4th Cir. 2009). Nevertheless, "[t]he drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." Shaffer v. Farm Fresh, Inc., 966 F.2d 142, 146 (4th Cir. 1992). "[T]he moving party has a high standard of proof to demonstrate that disqualification is required." Latham v. Matthews, 2011 WL 52609, at *2 (D.S.C. Jan. 6, 2011).

## III.   DISCUSSION

Insurance Defendants argue that Whitley should be disqualified because they assume that he obtained confidential information from the State Grand Jury proceedings that could possibly be used to the material disadvantage of the Insurance Defendants.

3

Insurance Defendants further argue that any doubt regarding this matter must be resolved in their favor and result in Whitley's disqualification.

In response, the District first argues that the Insurance Defendants misstate the standard for disqualification and that instead of the court resolving doubts in favor of Insurance Defendants, Insurance Defendants must make a strong showing that disqualification is warranted. Then, as expected, the District argues that Judge Benjamin's order precludes any argument that Whitley improperly used confidential State Grand Jury information and that Insurance Defendants have failed to articulate any other instance of how Whitley has violated the Rules of Professional Conduct, meaning there is no basis to disqualify Whitley. The court agrees with the District and finds that Whitley's disqualification is not warranted.

### A. Standard of Review

The parties present two different standards of review for motions to disqualify. The Insurance Defendants use a more lenient standard, claiming that any doubt must be resolved in favor of disqualification, while the District contends that the Insurance Defendants must make a strong showing of conflict in order to disqualify Whitley. The Insurance Defendants rely on United States v. Clarkson, which states that "[i]n determining whether to disqualify counsel for conflict of interest . . . [and] in the proper exercise of its supervisory power over the members of the bar and with a view of preventing 'the appearance of impropriety,' [the district court] is to resolve all doubts in favor of disqualification." 567 F.2d 270, 273 n.3 (4th Cir. 1977). The District points to more recent Fourth Circuit jurisprudence that requires a "strong showing" that is more than speculation to warrant disqualification. See Shaffer, 966 F.2d at 146 (finding that

"even the likelihood of [the] actual occurrence [of unethical conduct] is much too speculative on the present record to warrant disqualification"); <u>Sanford v. Commonwealth of Virginia</u>, 687 F. Supp. 2d 591, 603 (E.D. Va. 2009) (noting that "some stronger indicator than judicial intuition or surmise on the part of opposing counsel is necessary to warrant the drastic step of disqualification of counsel"); <u>Valizadeh v. Doe</u>, 235 F. Supp. 3d 761, 763 (D.S.C. 2017) ("[T]he party seeking to disqualify another's counsel bears a 'high standard of proof' to show disqualification is warranted."). While the court has its doubts regarding the validity of the standard relied upon the Insurance Defendants, the court finds that it need not resolve this dispute because even applying the Insurance Defendants' more lenient standard, there is no doubt that Whitley's disqualification is not warranted here for the reasons discussed in the following section.

### B. Disqualification

Insurance Defendants rely on Rule 1.11(c) of the South Carolina Rules of Professional Conduct to argue that Whitley should be disqualified. The rule provides that:

> a lawyer having information that the lawyer knows is confidential government information about a person acquired <u>when the lawyer was a public officer or employee</u>, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person.

Rule 1.11(c) (emphasis added). Insurance Defendants acknowledge that Whitley did not serve as a public officer or employee who worked on Thomas's State prosecution but nevertheless argue that Rule 1.11(c) still applies because the "principle" of the rule is that a lawyer cannot represent a client when the lawyer possesses confidential information

5

obtained through government service that could be used to the material disadvantage of the party adverse to the lawyer's client.  Insurance Defendants derive this principle from comment 4 of Rule 1.11, which states that "unfair advantage could accrue to the other client by reason of access to confidential government information about the client's adversary obtainable only through the lawyer's government service."

In applying Rule 1.11 to Whitley, a private attorney, Insurance Defendants' extrapolation of the rule goes too far.  The rule clearly only applies to lawyers who were public officers or employees, and Whitley was not.  The same is true for the comment on which Insurance Defendants rely.  The comment limits its applicability to public officers or employees, as made apparent by the qualifier about the information "obtainable only through the lawyer's government service."  The "principle" of the rule for which the Insurance Defendants advocate cannot override the plain language of the rule and its comment.  Another glaring issue with the Insurance Defendants' position is that they retained an expert on legal ethics, Nathan Crystal, to opine on the ethics of Whitley's conduct, and Mr. Crystal did not opine that Whitely violated Rule 1.11.  In fact, he doesn't even mention the rule in his affidavit.  Instead, Mr. Crystal opines that Rules 1.7 and 8.4 could be implicated, but Insurance Defendants present no argument on those rules in their motion.  Therefore, the court is unconvinced that Whitley has violated Rule 1.11 or any other Rule of Professional Conduct.

The Insurance Defendants also rely upon Kronberg v. LaRouche, in which the court disqualified the plaintiff's counsel using Rule 1.11 of Virginia's Rules of Professional Conduct, which is nearly identical to South Carolina's Rule 1.11.  2010 WL 1443934 (E.D. Va. Apr. 9, 2010).  However, there is a glaring difference between

Kronberg and the instance case—the plaintiff's counsel in Kronberg was a former Assistant United States Attorney.  Therefore, he was clearly a "public officer or employee," meaning Rule 1.11 applied.  Here, Whitley never has been a "public officer or employee"; therefore, Kronberg is not analogous to this case.

Absent a violation of the Rules of Professional Conduct, the court finds that there is no basis to disqualify Whitley.  Insurance Defendants remain insistent that Whitley was exposed to confidential information during the State Grand Jury proceedings and now could use that information against Insurance Defendants.  They cite to the State Grand Jury indictment, which refers to an unnamed vendor whom the District overpaid and an unnamed employee of the vendor who sent the refund directly to Thomas.  They then cite to the District's amended complaint, which alleges "upon information and belief" that the unnamed vendor was defendant Knauff Insurance Agency ("Knauff")[2] and the unnamed employee was Pokorney.  The Insurance Defendants explain that at the time of the allegations, the State had made no public statements regarding the identity of the vendor or employee, and that the District's records were insufficient for the District to determine that Knauff and Pokorney were the vendor and employee.  As such, the Insurance Defendants conclude, the only way the District could know that the unnamed vendor and employee referenced in the State Grand Jury indictment were Knauff and Pokorney was from Whitley's participation in the State Grand Jury proceedings.  Insurance Defendants also point to a statement made by Whitley's co-counsel at a status conference before Judge Benjamin when he explained that he and Whitley "have a Chinese wall set up between what [Whitley] did or didn't do in grand jury."  ECF No. 146-1 at 4.  Insurance

---

[2] Knauff was acquired by HUB.

Defendants claim that "the very idea of a Chinese wall in this circumstance is preposterous, and only confirms why Mr. Whitley's disqualification is necessary" because Whitley cannot create a Chinese wall in his mind to ensure that he doesn't use any State Grand Jury confidential information in this action. Id. However, Insurance Defendants have still failed to show how any of this violates any ethical rule. See Shaffer, 966 F.2d at 146 (requiring a disqualification order to be "predicated upon a proper application of applicable ethical principles"). As the District points out, the Insurance Defendants cite to no case in which a private attorney has been disqualified for his involvement in a State Grand Jury investigation and then subsequently filing a civil suit based on the same events covered by the investigation.

More importantly, these arguments completely overlook Judge Benjamin's finding that Whitley did not violate the Disclosure Order. That order required Whitley to "keep secret and secure any State Grand Jury material which is disclosed to" him and prohibited him "from using State Grand Jury material for any reason or purpose other than assisting attorneys, investigators, and staff of the State Grand Jury section of the Attorney General's Office and their retained expert in this State Grand Jury investigation." ECF No. 127-1 at 2. A finding that Whitley did not violate the Disclosure Order means that Judge Benjamin was convinced that Whitley did not use any State Grand Jury Information improperly, and the Insurance Defendants' whole basis for seeking disqualification is out of concern that Whitley has or will use State Grand Jury information improperly. Therefore, Insurance Defendants' allegations that Whitley used information from the State Grand Jury proceedings, in violation of the Disclosure Order, directly contradict Judge Benjamin's findings.

Finally, in an attempt to explain why disqualification is warranted despite Judge Benjamin's finding that Whitley did not violate the Disclosure Order, Insurance Defendants note that Judge Benjamin explicitly expressed no view on whether Whitley should be disqualified and that her order confirms that Whitley received confidential grand jury information because she ordered the transcripts of the hearings to be sealed. Judge Benjamin did not express a view on disqualification because she found that she did not have jurisdiction to make such a finding. Moreover, the transcripts could be kept confidential for a bevy of reasons, the most obvious and likely one being that State Grand Jury proceedings are confidential. Therefore, the court is unconvinced by these arguments.

At the hearing on the motion, counsel for the Insurance Defendants suggested that a dangerous precedent will be set if the court declines to disqualify Whitley because private attorneys will line up to aid in State Grand Jury investigations in order to obtain confidential information for use in their civil suits. The likelihood of this hypothetical is so remote that it borders on being ludicrous. The court trusts that Assistant Attorney Generals are mindful when they ask a South Carolina Circuit Judge for an order of disclosure, and the court has no reason to doubt the presiding judge's ability to ensure this type of misuse does not occur. The court declines to put such little faith in the South Carolina bar and its attorneys' adherence to court orders.

### C. Limited Discovery

Finally, in the alternative, the Insurance Defendants request that the court permit limited discovery to ascertain: (1) whether State Grand Jury documents, witness testimony and interviews, and information was told or provided to Whitley; (2) whether

9

Whitley shared State Grand Jury information with his co-counsel; and (3) whether Whitley shared State Grand Jury information with anyone else. In response, the District argues that limited discovery is not warranted and that the Insurance Defendants' request is just another delaying tactic. The court denies this request. These were the issues on which Judge Benjamin heard testimony and asked questions at the two-day hearing, which included 23 single-spaced pages of questions on these topics that were submitted by the Insurance Defendants and asked by Judge Benjamin. It appears that Insurance Defendants now want to relitigate that issue before this court, which is uncalled for.

## IV.   CONCLUSION

For the reasons set forth above, the court denies the motion to disqualify.

**AND IT IS SO ORDERED.**

_/s/ David C. Norton_
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 13, 2020**
**Charleston, South Carolina**