UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BERKELEY COUNTY SCHOOL DISTRICT, | ) | C/A NO.: 2:18-cv-00151-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JOINT STIPULATION** |
| | ) | **ON INTERSTATE COMMERCE** |
| HUB INTERNATIONAL LIMITED, HUB INTERNATIONAL MIDWEST LIMITED, KNAUFF INSURANCE AGENCY, INC., AND BRANTLEY THOMAS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The undersigned below, as counsel for Plaintiff, Berkeley County School District ("District") and Defendants, HUB International Limited and HUB International Midwest Limited ("HUB"), hereby make, agree and jointly Stipulate to the following as it relates to the interstate commerce prong of the Federal Arbitration Act ("FAA") analysis:

1. District and HUB stipulate and agree the Federal Arbitration Act ("FAA") applies to the arbitration provisions in the 2002 and 2003 Agreements.

2. District and HUB stipulate and agree that 2002 and 2003 Agreements containing the arbitration clause at issue, in fact, evidence a transaction involving interstate commerce because the District and HUB were engaging in activity that affected commerce in different states, including the provision of brokerage and consulting services across state lines.

3. District and HUB stipulate and agree that HUB alleged that the agreements at issue involved interstate commerce in prior pleadings and motions and in the pending motion.

*Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991) (party seeking to compel arbitration must only allege interstate commerce prong). *See also* Dkt. 258 at 12; Dkt. 23 at 12 (HUB's allegations related to interstate commerce).

4. District stipulates and agrees that it did not oppose a finding of interstate commerce, and that therefore the interstate commerce prong of HUB's motion to compel is met. "Where the party seeking arbitration alleges that the transaction is within the scope of the FAA, and the party opposing application of the FAA does not come forward with evidence to rebut jurisdiction under the federal statute, we do not read into the FAA a requirement of further proof by the party invoking the federal law." *Maxum Foundations., Inc. v. Salus Corp.*, 779 F.2d 974, 978 n.4 (4th Cir. 1985).

5. District and HUB stipulate and agree that the interstate commerce prong of the FAA's applicability analysis is not a basis on which to deny arbitration in this case.

*Signature Page to Follow*

**WE SO AGREE AND STIPULATE:**

| | |
|---|---|
| s/John A. Massalon | s/Phillip D. Barber |
| John A. Massalon (Fed. ID #5227) | Richard A. Harpootlian (Fed. ID #1730) |
| Christy Ford Allen (Fed. ID #7549) | Phillip D. Barber (Fed. ID #12816) |
| WILLS MASSALON & ALLEN LLC | Andrew R. Hand (Fed. ID #12176) |
| Post Office Box 859 | Richard A. Harpootlian, P.A. |
| Charleston, South Carolina 29402 | 1410 Laurel Street |
| (843) 727-1144 | Post Office Box 1090 |
| jmassalon@wmalawfirm.net | Columbia, SC 29202 |
| callen@wmalawfirm.net | (803) 252-4848 |
| | rah@harpootlianlaw.com |
| Thomas J. Wiegand | pdb@harpootlianlaw.com |
| *(Admitted Pro Hac Vice)* | arh@harpootlianlaw.com |
| Mololamken, LLP | |
| 300 N. LaSalle Street | Joshua S. Whitley (Fed. ID #10829) |
| Chicago, IL 60654 | Smyth Whitley, LLC |
| (312) 450-6700 | 126 Seven Farms Drive |
| twiegand@mololamken.com | Charleston, SC 29492 |
| | jwhitley@smythwhitley.com |
| Michael G. Pattillo, Jr., | |
| *(Admitted Pro Hac Vice)* | Jeffrey A. Breit, Esquire |
| Mololamken, LLP | Breit Cantor Grana Buckner, PLLC |
| 600 New Hampshire Ave., N.W. | 600 22nd Street, Suite 402 |
| Washington, D.C. 20037 | Virginia Beach, VA 23451 |
| (202) 556-2000 | 843-606-5635 |
| mpattillo@mololamken.com | jeffrey@breitcantor.com |
| | |
| ATTORNEYS FOR DEFENDANTS | ATTORNEYS FOR PLAINTIFF |
| HUB INTERNATIONAL LIMITED | BERKELEY COUNTY SCHOOL |
| AND HUB INTERNATIONAL | DISTRICT |
| MIDWEST LIMITED | |